Clement & Murphy
PLLC

February 4, 2025

**VIA ECF**

Hon. Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

      Re:    *Centripetal Networks, LLC v. Palo Alto Networks, Inc.*, No. 2023-2027
               (oral argument scheduled for February 6, 2025)

Dear Mr. Perlow:

      Despite Cisco's contrary suggestion, the Office of Government Ethics' recent revisions to 5 C.F.R. §§2635.501-502, promulgated long after the PTAB dismissed Centripetal's recusal motion, have no material impact on this appeal.

      First, these recent revisions are of limited relevance as a straightforward matter of timing. The (im)propriety of APJ McNamara's participation in the proceedings below must be judged against the then-applicable version of the regulations, not later revisions. Indeed, if APJ McNamara's participation is to be judged by currently applicable guidance, then this is an open-and-shut case for recusal, as the now-applicable PTO guidance would plainly preclude his participation. *See* Katherine K. Vidal, *Guidance on Paneling of Cases* (Sept. 22, 2023), bit.ly/468iVic. If anything, OGE's felt need to clarify its regulations underscores the ambiguity of the prior, applicable version. The clarification thus confirms that there was nothing remotely "frivolous" or worthy of a tongue-lashing about Centripetal's recusal motion. *Cf.* Appx0073-0074.

      Cisco's invocation of these executive-wide regulations ignores Centripetal's broader point—with which the PTO now agrees—that APJs need to be held to a higher standard than garden-variety executive-branch employees "because their role 'is functionally comparable to that of a judge.'" Opening.Br.32 (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)). Given that IPR proceedings and federal-court litigation can produce the exact same devastating results, APJs cannot be held to a less demanding standard without producing the whipsaw that Centripetal experienced here. Again, the PTO has belatedly recognized as much and ensured that no other party—except Centripetal, whose experience presumably prompted the shift—will suffer the same fate. *But cf. Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000) (reaffirming that constitutional principles foreclose disfavoring a class of one).

      Finally, APJ McNamara's recusal obligation stemmed not only from OGE regulations but basic due process principles. As this Court previously held, "a known financial interest … creates not only an appearance of impropriety but impropriety itself." *Centripetal Networks, Inc. v. Cisco Sys., Inc.*, 38 F.4th 1025, 1037 (Fed. Cir. 2022). Either

one triggers an obligation to recuse under due process principles and basic, common-sense standards of fair adjudication.

          Sincerely,

          <u>s/Paul D. Clement</u>
          Paul D. Clement

          *Counsel for Plainiff-Appellant*

Cc:  All Counsel of Record